946 F.2d 899
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David G. SANCHEZ, Plaintiff-Appellant,
v.
Jeffrey D. ROSS, and the State of Arizona, Defendant-Appellee.
 No. 90-15738.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1991.*
Decided Oct. 17, 1991.
 
 Before SKOPIL, PREGERSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Gonzales Sanchez appeals the district court's dismissal of his section 1983 claim. We affirm.
 
 
 3
 Sanchez was convicted of criminal charges in Arizona state court. He has now filed a claim in federal court for damages under section 1983 of Title 42 of the United States Code, naming the defense attorney that he privately hired in the state criminal matter, Jeffrey D. Ross, as defendant. Sanchez seeks a refund from Ross of the $38,000 in legal fees Sanchez alleges to have paid Ross. He alleges that Ross made such errors as to deny Sanchez his right to effective assistance of counsel under the Sixth Amendment, and that Ross also violated Sanchez's rights under the First, Fourth, Fifth, Ninth and Fourteenth Amendments. The district court dismissed Sanchez's claim because he had failed to show how Ross had acted under color of state law. We review de novo dismissals for failure to state a claim. Kruso v. International Tel. & Tel., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990).
 
 
 4
 "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988). Thus, in order to state a claim, Sanchez must show that his privately-retained defense attorney, Ross, was acting under color of state law.
 
 
 5
 Sanchez contends that Ross acted under color of state law because Ross is licensed by the state to practice law. The Supreme Court has stated that "[a]lthough lawyers are generally licensed by the States, 'they are not officials of government by virtue of being lawyers.' " Polk County v. Dodson, 454 U.S. 312, 319 n. 9 (1981) (quoting In re Griffiths, 413 U.S. 717, 729 (1973)). Hence, the mere status of being a state licensee does not make a defense attorney an agent of the state.
 
 
 6
 Moreover, even defense attorneys who are employed by the state as public defenders do not act under color of state law and cannot be defendants in section 1983 actions. In Polk County, the Supreme Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." 454 U.S. at 325. The Court reasoned that the role of the defense attorney is not to "act[ ] on behalf of the State or in concert with it, but rather [to] advanc[e] 'the undivided interests of his client.' This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed." Id. at 318-19 (footnote omitted) (quoting Ferri v. Ackerman, 444 U.S. 193, 204 (1979)). The Court then concluded that even where defense counsel is employed by the state, such counsel does not act under color of state law, because of the role he plays in our adversarial system. Id. at 325.
 
 
 7
 The instant case is more straightforward than the situation in Polk County. Here, defendant Ross was privately retained as defense counsel and is not an employee of the state. Ross is a private individual, and his only connection to the authority of the state is being a licensee of the state. If a defense attorney whose salary is paid by the state is not acting under color of state law, there can be little doubt that a defense attorney who is privately retained is likewise not acting under color of state law.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3